STELLACOM, INC., Plaintiff,

v.

UNITED STATES of America,
et al., Defendants.

Civ. A. No. 91–1569.

United States District Court,
District of Columbia.

Feb. 11, 1992.

As Amended Feb. 21, 1992.

---

Lois G. Williams, William A. Roberts, III, Edward T. Waters, Gregory J. Commins, Jr., Howery & Simon, Washington, D.C., for plaintiff.

Daniel J. Standish, Asst. U.S. Atty., Washington, D.C. (John K. Lottinville, Joyce R. Simmons, NASA, David A. Fish-

man, Small Business Administration, of counsel), for defendants.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiff Stellacom, Inc. ("Stellacom") challenges a 1989 amendment to a Small Business Administration ("SBA") regulation defining annual receipts, 13 C.F.R. § 121.-402(b)(2), as being arbitrary, capricious, contrary to law, and in violation of the notice and comment requirements of the Administrative Procedure Act ("APA"). Stellacom seeks a judgment invalidating 13 C.F.R. § 121.402(b)(2) and enjoining SBA from attempting to enforce the regulation against Stellacom, as well as a judgment directing the SBA to return to its prior rule. In addition, Stellacom seeks a judgment declaring Stellacom to be an eligible offeror under a NASA television support services small business set-aside contract for which Stellacom had submitted a bid. For the following reasons, plaintiff's motion will be granted in part and denied in part, and defendants' cross-motion will be granted in part and denied in part.

### I.

#### A.

The SBA is empowered by Congress to administer a government procurement set-aside program. Under this program, government agencies contract with firms determined to be "small" within the meaning of applicable SBA rules and regulations. 15 U.S.C. § 631(a). The administrator of the SBA has the authority to promulgate regulations necessary to implement the Small Business Act, 15 U.S.C. § 631, *et seq.*, and the SBA is responsible for the promulgation of regulations that govern whether a business is to be considered "small" for purposes of receiving awards of those contracts that have been set aside for small businesses. 15 U.S.C. § 637(b)(6).

Under SBA regulations, the size of a business concern depends upon its average annual receipts. 13 C.F.R. § 121.401, *et seq.* In particular, a business will qualify as "small" for purposes of SBA programs if it has less than a specified level of average annual receipts. *Id.* § 121.402(a). The SBA defines receipts as follows:

> *Receipts* is defined to include all revenue in whatever form received or accrued from whatever source, including from the sales of products or services, interests, dividends, rents, royalties, fees, or commissions, reduced by returns and allowances. However, the term "receipts" excludes proceeds from sales of capital assets and investments, proceeds from transactions between a concern and its domestic and foreign officials, proceeds from payments of notes receivable and accounts receivable, amounts collected for another by a travel agent or real estate agent, and taxes collected for remittance to a taxing authority.

13 C.F.R. § 121.402(b)(2) (1991).

Before 1989, the SBA did not count the client billings of an advertising agency— the monies the agency receives from its advertising clients and pays immediately to media vendors, the ultimate providers of advertising services—in its calculation of the agency's annual receipts. Rather, the SBA only counted the agency's gross income. *Size Appeal of Allmayer, Fox & Reshkin Agency,* SBA No. 8 (1961); *see also Size Appeal of Morris Travel Corp.,* SBA No. 2228 (1985) (permitting exclusion of certain client billings of travel agents on ground that travel agent was like an advertising agent). The SBA did so because the gross income of an advertising agency does not include the full amount of these client billings; instead, it only includes the commission made on the client billing. The SBA followed this policy for nearly thirty years. In 1987, the SBA published a proposed amendment to its definition of annual receipts which would have codified its existing policy of excluding client billings of agents from the calculation of annual receipts. In pertinent part, the proposed amendment stated that "the term 'receipts' excludes ... *amounts collected as an*

*agent for another,* such as gross bookings on which a commission is earned (in which case only the commission earned would constitute revenue)...." 52 Fed.Reg. 32870, 32884 (1987) (emphasis added). The SBA explained the amendment thusly:

> The definition of revenue would be clarified to exclude receipts collected as an agent for another, such as gross bookings on which a commission is earned (e.g., only the commission earned by a travel agent would constitute revenue and not the value of gross bookings).

*Id.* at 32871–72.

The final rule adopted, however, limited the exclusion for amounts collected for another to the client billings of travel agents and real estate agents. As set forth above, the final rule defined annual receipts as follows:

> *Receipts* is defined to include all revenue in whatever form received or accrued from whatever source, including from the sales of products or services, interests, dividends, rents, royalties, fees, or commissions, reduced by returns and allowances. However, the term "receipts" excludes proceeds from sales of capital assets and investments, proceeds from transactions between a concern and its domestic and foreign officials, proceeds from payments of notes receivable and accounts receivable, *amounts collected for another by a travel agent or real estate agent,* and taxes collected for remittance to a taxing authority.

13 C.F.R. § 121.402(b)(2) (emphasis added). The rule thus excluded advertising agents from the benefits of the prior policy.

**B.**

Stellacom, a Texas corporation, is engaged in the business of video film production and television support services. Stellacom has two affiliates: Walter Bennett Communications ("WBC"), an advertising agency, which owns 72% of Stellacom's stock; and CC & O, Inc., a wholly-owned subsidiary of WBC. Under the applicable regulation, the SBA uses the revenue of each of these affiliates to calculate Stellacom's average annual receipts for purposes of determining whether Stellacom is a "small" business. 13 C.F.R. § 121.402(a). As an advertising agency, WBC has a substantial flow of client billings. Under 13 C.F.R. § 121.402(b)(2), these client billings are counted to determine a business' average annual receipts. The calculation of Stellacom's average annual receipts for small business set-aside purposes is thus significantly higher under section 121.-402(b)(2) than it would be under the SBA's prior practice of excluding the client billings of advertising agencies.

In January 1991, the Johnson Space Center, part of the National Aeronautics and Space Administration ("NASA"), issued a Request for Proposal ("RFP") soliciting offers for television support services. The RFP was a 100% small business set-aside and was subject to Standard Industrial Classification ("SIC") Code 7819, "Services Related to Motion Picture Production." Under SIC Code 7819, a bidding firm's average annual receipts could not exceed $14.5 million in order to be considered "small." Stellacom submitted a proposal in response to the RFP. Stellacom self-certified that it was a small business under SBA regulations. However, Stellacom's small business size status was challenged on the basis that the receipts of its affiliates exceeded the $14.5 million threshold set forth in SIC Code 7819.[1] The SBA Regional Office determined that Stellacom did not qualify as a small business. The SBA's Office of Hearing and Appeals later affirmed the decision.

Stellacom filed a motion for a temporary restraining order with the United States Claims Court on May 21, 1991, seeking to enjoin NASA from proceeding with its procurement of television support services. NASA agreed to suspend all further action towards the award of the contract for thirty days. On June 24, 1991, the United

---

**1.** Taft Broadcasting Company ("Taft"), a competitor bidder to Stellacom, raised the original protest to Stellacom's participation in the RFP solicitation. Taft's protest was determined to be premature pursuant to 13 C.F.R. § 121.1603(b). However, the contracting officer adopted Taft's protests as his own before the SBA Regional Office.

States Claims Court found that it lacked jurisdiction to reach the validity of the regulation, holding instead that its jurisdiction was limited "to whether SBA's interpretation of the new regulation, as written, is reasonable." *Stellacom, Inc. v. United States,* 24 Cl.Ct. 213, 218 (1991). The Claims Court then determined that SBA had properly applied the plain language of the regulation in determining whether Stellacom qualified as a small business. *Id.* at 219–20. Stellacom brought this suit one day after the Claims Court's ruling, challenging the validity of 13 C.F.R. § 121.-402(b)(2). Stellacom seeks a judgment invalidating 13 C.F.R. § 121.402(b)(2) and enjoining SBA from attempting to enforce the regulation against Stellacom, as well as directing the SBA to return its prior rule regarding the definition of annual receipts. Stellacom also seeks a judgment declaring Stellacom to be an eligible offeror under the NASA television support services RFP.

## II.

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:

The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating the absence of any genuine issue of material fact to be determined, and the court must credit the non-movant's evidence and draw all justifiable inferences in its favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. at 2513.

In cases brought under the provisions of the Administrative Procedure Act, courts are to determine whether agency action is, among other things, "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As set forth in *Motor Vehicles Manufacturers Ass'n v. State Farm Mutual Automobile Ins. Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983), an agency rule will be found arbitrary and capricious if:

the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* at 43, 103 S.Ct. at 2866.

## III.

Before considering the merits of Stellacom's challenge to 13 C.F.R. § 121.-402(b)(2), the Court first considers the government's contention that Stellacom's suit should be dismissed on certain jurisdictional and procedural grounds.

### A.

█ The government contends Stellacom's suit should be dismissed on standing grounds. The government asserts Stellacom lacks standing to bring this suit because it has not alleged an injury that is fairly traceable to the challenged action or an injury which is likely to be redressed by a favorable decision. Specifically, the government insists that Stellacom was not awarded the NASA contract irrespective of the SBA's determination that Stellacom did not qualify as a small business. The government asserts that after Stellacom had filed this suit, the Source Evaluation Board and the Source Selection Official ("SSO") at the Johnson Space Center considered the merits of Stellacom's proposal as if it were eligible for a contract award on the basis of size, compared the merits of the three proposals submitted, and chose

the Taft proposal and rejected the Stellacom proposal. Noting that the SSO stated that Stellacom's size would "serve[ ] as a second, independent basis for ... not selecting Stellacom," Exhibit E to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Source Selection Statement for Television Support Services, Lyndon B. Johnson Space Center (July 8, 1991)), the government argues that even if Stellacom's challenge on the merits to the regulation were to succeed, Stellacom would not be entitled to any relief here because the SSO had rejected Stellacom's proposal on alternate and independent grounds.

A plaintiff must have standing to invoke the jurisdiction of an Article III court. *Valley Forge Christian College v. Americans United for Separation of Church & State,* 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). In *Valley Forge Christian College,* the Supreme Court stated that at an irreducible minimum, Article III requires that:

> the party who invokes the court's authority ... show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Id.* In addition, there must be a "direct causal connection between plaintiff's asserted injury and defendant's challenged action." *Albuquerque Indian Rights v. Lujan,* 930 F.2d 49, 54 (D.C.Cir.1991) (citing *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)).

The injuries alleged in Stellacom's amended complaint are twofold. Stellacom alleges it was injured by the actions of the SBA in that "prior to the promulgation of 13 C.F.R. § 121.402(b)(2) it was a small business, but was deprived of that status by the promulgation of 13 C.F.R. § 121.-402(b)(2), and was therefore excluded from the competition [for the NASA contract] under the RFP." Amended Complaint, at 13. Stellacom also alleges it "continues to be injured by the actions of the SBA in that

13 C.F.R. § 121.402(b)(2) prevents [it] from certifying that it is eligible to bid on any small business set-aside contracts with the Federal government." *Id.*

■ The Court agrees with the government that Stellacom lacks standing to challenge the award of the NASA contract. The Court finds that the SSO rejected Stellacom's bid on alternate and independent grounds. An order requiring NASA to resolicit bids thus would not redress the injury alleged by Stellacom. Stellacom's contention to the contrary, that the SSO's review was gratuitous and patently unfair, finds no fair support in the record. Although it is true that the SSO considered the merits of Stellacom's proposal only after Stellacom had been determined not to be a small business, Stellacom cannot point to a single conclusion of the SSO that evinces taint or gratuity. As such, Stellacom's assertion of taint cannot overcome the presumption that an agency action is valid. *See, e.g., Motor Vehicles Ass'n v. Ruckelshaus,* 719 F.2d 1159, 1164 (D.C.Cir. 1983); *Friends of the Shawangunks, Inc. v. Watt,* 97 F.R.D. 663, 666–67 (N.D.N.Y. 1983).

■ The Court rejects, however, the government's contention that Stellacom lacks standing to bring this suit in its entirety. This circuit has consistently held that a disappointed bidder has standing to challenge a federal contract award. *See, e.g., C.C. Distributors, Inc. v. United States,* 883 F.2d 146, 150 (D.C.Cir.1989); *West Virginia Ass'n of Comm. Health Centers v. Heckler,* 734 F.2d 1570, 1574–75 (D.C.Cir.1984). In *C.C. Distributors,* the D.C. Circuit held that "a plaintiff suffers a constitutional cognizable injury by the loss of an *opportunity to pursue a benefit* ... even though the plaintiff may not be able to show that it was *certain to receive* that benefit had it been accorded the lost opportunity." *C.C. Distributors,* 883 F.2d at 150. Here, Stellacom's amended complaint clearly alleges that it has lost the ability to claim that it is a small business under all relevant SIC codes, thus effectively and completely precluding it from the opportunity to bid on small business set-aside con-

tracts to which it is otherwise qualified.[2] Stellacom's amended complaint sets forth that it has "regularly missed opportunities to compete for small business set-aside contracts involving television support services," and that it "could compete for these contracts *but for* SBA's determination that it is not a small business." Amended Complaint, at 8 (emphasis added). In addition, Stellacom alleges that unless it recovers its right to certify itself as a small business, it "will probably not survive as a business entity, as it does not have the resources to compete as a large business." *Id.* at 9. The Court finds that Stellacom's amended complaint—alleging the loss of the opportunity to self-certify itself as a small business for purposes of small business set-aside contracts—satisfies the constitutional requirements of standing.

### B.

■ The government next contends Stellacom's suit should be dismissed for failure to exhaust administrative remedies. The government claims Stellacom has failed to exhaust administrative remedies because it has not applied to the SBA's Size Standard Staff in order to seek a change in the size standard pursuant to 13 C.F.R. § 121.-301(a). The government thus asserts that even if the record in this case were found to be inadequate, the proper course is a remand to the Size Standard Staff for consideration of Stellacom's arguments.[3]

■ "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir.1990) (citing *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969)). However, administrative remedies that are inadequate need not be exhausted. *Coit Independent Joint Venture v. Federal Savings & Loan Ins. Corp.*, 489 U.S. 561, 109 S.Ct. 1361, 1375, 103 L.Ed.2d 602 (1989); *Greene v. United States*, 376 U.S. 149, 163, 84 S.Ct. 615, 623, 11 L.Ed.2d 576 (1964).

The SBA's Size Standard Staff is authorized to:

(1) Develop and recommend small business size standards;

(2) Consider and take appropriate action on written requests to change existing size standards or establish new size standards;

(3) Conduct industry hearings pertaining to size standards, when necessary;

(4) Perform other related functions (e.g., industry studies) as may be appropriate to administer the SBA size standards program;

. . . .

13 C.F.R. § 121.301(a). Under these powers, the Size Standard Staff is empowered to consider Stellacom's challenges and criticisms with the new regulation and take "appropriate action" on these complaints. The Court finds this remedy inadequate to redress the injuries alleged in Stellacom's complaint. The Size Standard Staff is not imbued with authority to change or otherwise alter the existing regulation. Rather, the Size Standard Staff is only empowered to consider criticisms with existing regulations and take "appropriate action." Moreover, the Court does not agree with the government that an application to the Size Standard Staff is a necessary administrative remedy to be exhausted. The Small Business Administration Act nowhere requires application to the Size Standards Staff before a challenges to existing SBA regulations may be brought. The Court therefore rejects the government's contention that Stellacom's complaint should be

---

**2.** Stellacom further alleges that it has "never performed a contract that did not involve the Federal government," Amended Complaint, at 3, and that every such contract performed as a prime contractor "has been a small set-aside contract." *Id.* at 8.

**3.** The government conceded at oral argument that its secondary argument, that Stellacom's challenge to the SBA regulation is barred because Stellacom did not participate in the underlying rulemaking, would only be at issue if the Court were to find that Stellacom lacked standing to bring this suit in its entirety.

dismissed for failure to exhaust administrative remedies.

## C.

■ Finally, the government contends its Statement of Material Facts should be deemed to be admitted because Stellacom has allegedly failed to satisfy Local Rule 108(h). Local Rule 108(h) states in pertinent part:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. *An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated,* which shall include references to the parts of the record relied on to support the statement.

Here, Stellacom's Reply in Support of its Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment was not accompanied by "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." Instead, Stellacom responded to certain of the government's statements of genuine issues as to which there is no genuine issue in its reply. The government maintains this response is in contravention of the clear requirements of Local Rule 108(h), and that its statement of facts therefore should be deemed to be admitted by the Court.

In *Twist v. Meese,* 854 F.2d 1421 (D.C.Cir.1988), the D.C. Circuit outlined the importance of compliance with the procedures established by Local Rule 108(h) and its predecessor rule, Local Rule 1–9(h). The Court of Appeals found that "failure to file a proper [108(h) ] statement in opposing a motion for summary judgment, may be fatal to the position of the non-complying party." *Id.* at 1424. The Court of Appeals reasoned that "a district judge should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Id.* at 1425. The Court of Appeals therefore held that in the absence of the required statement of material facts in dispute to accompany a party's opposition to a motion for summary judgment, the district court had not abused its discretion in accepting as true the opposing party's statement of material facts not in dispute.

This case presents a quite different situation. Stellacom itself has moved for summary judgment, and its motion was accompanied by a statement of material facts not in dispute. As such, Stellacom could not file a statement of material facts in dispute as is required by the Rule because *neither* party in this case is contending that there exist genuine issues of material fact to be litigated. Nor does Stellacom's failure to include a statement of material facts in dispute present the Court with the obligation to "sift through hundreds of pages of depositions, affidavits, and interrogatories" as was contemplated in *Twist.* Accordingly, in its discretion, the Court will treat Stellacom's Statement of Material Facts as to Which There is no Genuine Issue, attached to its Motion for Summary Judgment, as an adequate response to Defendant's Statement of Material Facts Not in Dispute.

## IV.

■ On the merits, Stellacom contends 13 C.F.R. § 121.402(b)(2) is arbitrary, capricious, and contrary to law. Stellacom argues that in adopting the new regulation, SBA departed from thirty years of prior practice of not counting the client billings of an advertising agency in its calculation of the agency's annual receipts without explanation, and arbitrarily distinguished between similarly situated businesses. Stellacom also claims the SBA failed to consider the impact of the new regulation on the advertising agency industry. Stellacom points out that under section 121.-402(b)(2) as implemented, the income of an advertising agency seeking small business

status would only be able to support four to five employees, well below the near thirty-two employees that could be supported if the agency's client billings were excluded from the annual receipts determination. Stellacom asserts that "[i]t is undisputed that such a small agency could not support the full service advertising agency functions specified in the relevant SIC Code." Motion for Summary Judgment, at 23.

The government's response is twofold. First, the government contends Stellacom's assertions concerning the impact of section 121.402(b)(2) on the advertising agency industry should not be considered by the Court because this "evidence" nowhere appears in the administrative record. *See Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1243, 36 L.Ed.2d 106 (1972) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Second, the government insists that even if SBA departed from prior practice, the SBA regulation is not arbitrary, capricious, or contrary to law because the exclusion about which Stellacom complaints was only a minor component of extensive regulatory changes; namely, one clause in one section of regulations that filled thirty-two pages of the *Federal Register.*

■ Having carefully considered the positions of both parties, the Court agrees with Stellacom that 13 C.F.R. § 121.-402(b)(2) is arbitrary, capricious, and contrary to law. In *Public Citizen v. Steed,* 733 F.2d 93 (D.C.Cir.1984), the D.C. Circuit restated the general rule that "when [an] action involves a change in a settled course of agency behavior, 'the court should be satisfied both that the agency was aware it was changing its views and has articulated permissible reasons for that change....'" *Id.* at 99 (quoting *NAACP v. FCC,* 682 F.2d 993, 998 (D.C.Cir.1982)); *see also Motor Vehicles Manufacturers Ass'n v. State Farm Mutual Automobile Ins. Co.,* 463 U.S. 29, 42, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983) ("If Congress [has] established a presumption from which judicial review should start, that presumption ... [is]

against changes in current policy that are not justified by the rulemaking record."). The Court of Appeals went on in *Public Citizen* to state that it "'will demand that the [agency] consider reasonably obvious alternative[s] ... and explain its reasons for rejecting alternatives in sufficient detail to permit judicial review.'" *Id.* (quoting *National Resources Defense Council v. SEC,* 606 F.2d 1031, 1053 (D.C.Cir.1979) (footnote omitted)). Here, the Court finds that the SBA's departure from its near thirty-year practice of excluding client billings from the calculation of advertising agencies' annual receipts is not justified by the rulemaking record. The only rationale offered by the SBA for its change of course is the following:

> SBA did amend this section in one respect, however. In order to reduce confusion and avoid charges of vagueness, the language excluding amounts collected as an agent for another has been deleted. In its place new language has been inserted excluding only income received by real estate agents and travel agents in the form of gross bookings to be remitted to third parties. In such cases, only the commissions earned from such gross bookings are to be counted as income.

54 Fed.Reg. 52634, 52636 (1989). The Court finds this statement inadequate to justify the SBA's change in policy. As Stellacom points out, the clarity of a rule cannot serve as a justification for arbitrary and discriminatory treatment. The SBA offered no explanation as to why travel and real estate agents should receive the benefit of the exclusion for client billings on the one hand and why advertising and other agents, on the other, should not, and none is offered here. The Court therefore finds that 13 C.F.R. § 121.402(b)(2) is arbitrary, capricious, and contrary to law.

■ The government's arguments to the contrary are unavailing. The government's assertion that Stellacom's contentions were not part of the administrative record is misplaced. As Stellacom points out, SBA's near thirty-year practice of excluding all agency client billings from the calculation of annual receipts save the com-

missions are not facts outside of the administrative record; rather, it is material well within the SBA's own knowledge and which the SBA should have considered when it undertook the rulemaking at issue here. Nor does the Court accept the government's contention that section 121.-402(b)(2) was only a minor component of extensive regulatory changes, and that it "cannot reasonably [be] contend[ed] that SBA was obligated to consider the effect that one clause of the new regulation has on every single industry that is classified under the size determination program." Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, at 32. As noted above, the SBA had followed a consistent practice for nearly thirty years of practice of consistently excluding client billings from the calculation of agencies' annual receipts. Section 121.402(b)(2)'s limitation of the exclusion for client billings to travel and real estate agents thus affects not just the advertising agency industry, but all agencies who collect client billings. The Court thus rejects the government's assertion that the exclusion about which Stellacom complaints was only a minor component of an extensive regulatory change, one to which the SBA was not required to articulate permissible reasons for promulgating.

Accordingly, the Court finds that 13 C.F.R. § 121.402(b)(2) is arbitrary, capricious, and contrary to law. The Court therefore need not reach Stellacom's contention that the regulation violates the notice and comment requirements of the APA.

## V.

The Court grants plaintiff's Motion for Summary Judgment in part and denies it in part, and grants defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment in part and denies it in part. The Court declares and adjudges 13 C.F.R. § 121.402(b)(2) to be invalid as arbitrary, capricious, and contrary to law, and orders that the SBA be enjoined from attempting to enforce the regulation against Stellacom. The Court finds Stellacom lacks standing though to challenge the award of the

NASA contract, and therefore denies Stellacom's request for a judgment declaring Stellacom to be an eligible offeror under the NASA television support services small business set-aside RFP.

## JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of the foregoing motions and supporting memoranda, the various oppositions, responses, and replies thereto, argument in open court, the entire record herein, and for the reasons set forth in the accompanying memorandum decision, it is by the Court, this 11th day of February 1992,

ORDERED that plaintiff's Motion for Summary Judgment be, and the same hereby is, granted in part and denied in part, as is set forth below; and it is further

ORDERED that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment be, and the same hereby is, granted in part and denied in part.

IT IS THEREFORE ADJUDGED AND DECREED THAT:

1. 13 C.F.R. § 121.402(b)(2) be, and hereby is, declared invalid as arbitrary, capricious, and contrary to law in the following respects:

(a) to the extent it does not afford to advertising agents the exclusion of amounts collected for another from the calculation of "receipts"; and

(b) to the extent it does not afford the exclusion for amounts collected for another from the calculation of receipts to any other agent who may be entitled to such exclusion pursuant to the standards developed in the rulings of the Small Business Administration's Size Appeals Board or Office of Hearings and Appeals.

2. The SBA be permanently enjoined from attempting to enforce the regulation

against Stellacom in a manner inconsistent with paragraph one of this Judgment.